**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LASCELLES LINTON, a.k.a. Anthony Clark, a.k.a. John Doe, a.k.a. Liascelle Malciolm, a.k.a. Roy Moore, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73252 <br><br> Agency No. A074-305-703 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Lascelles Linton, a native and citizen of Jamaica, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo claims of due process violations, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny the petition for review.

Linton's contention that the agency violated his due process rights by failing to fully consider and weigh the evidence in his case is unsupported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for petitioner to prevail on a due process claim).

The BIA found that Linton failed to establish that the police were unable or unwilling to protect him. The record does not compel a different conclusion, therefore his withholding of removal claim fails. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (although police were unable to solve crimes against petitioner evidence did not compel finding that crimes were committed by forces the government was unable or unwilling to control because police took reports and investigated petitioner's complaints).

Substantial evidence also supports the agency's denial of CAT relief because Linton failed to establish it is more likely than not he will be tortured if removed to Jamaica. *See Wakkary*, 558 F.3d at 1067-68.

2                                                                          12-73252

Linton's contentions that the agency erred in determining certain convictions are crimes involving moral turpitude and aggravated felonies are not properly before us, because the agency did not make such determinations or deny Linton's applications for relief on these grounds.

**PETITION FOR REVIEW DENIED.**